IN THE UNTED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TALBIRD REEVE SAMS,<br><br>*Plaintiff*,<br><br>vs.<br><br>PINNACLE TREATMENT CENTERS, INC., JOHN DOES (1-10) (said names being fictitious individuals) and ABC-XYZ CORPORATIONS (said names being fictitious business entities), Individually, Jointly and Severally,<br><br>*Defendants*. | **Electronically Filed**<br>**Motion Date: October 19, 2020**<br><br><br>Civil Action No. 1:18-cv-09610-JHR-AMD |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO COUNTS FIVE, SIX AND SEVEN OF PLAINTIFF'S COMPLAINT AND IN OPPOSITION TO DEFENDANT'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

LAW OFFICES OF FREDERICK COLES, III
4802 South 1110 East
Salt Lake City, Utah 84117
Tel. 908.757.4977
E-Mail: FColes@coleslegal.com
Attorney for Plaintiff, Talbird Reeve Sams

On the Brief:
Frederick Coles, III, Esq.

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................. 1

LEGAL ARGUMENT ......................................................................................................... 2

CONCLUSION .................................................................................................................... 8

# TABLE OF AUTHORITIES

CASES:

*Kas Orieintal Rugs, Inc. v. Ellman,* 394 N.J. Super. 278 (App. Div. 2007) .................................. 7

*McGough v. Broadwing Communications, Inc.,* 177 F. Supp. 2d 289 (D.N.J. 2001) ............... 4, 7

*Sluka v. Landau Uniforms, Inc.,* 383 F. Supp. 2d 649 (D.N.J. 2005) .................................... 4, 6, 7


FED. R. CIV. P.

Rule 11 ........................................................................................................................................ 5

**PRELIMINARY STATEMENT**

As the Court is well aware, this employment action is comprised of two primary components: (1) plaintiff's entitlement to payment from defendant in the amount of $175,000.00 in the form of "Incentive Plan Payments" and (2) plaintiff having been terminated by defendant in violation of the NJLAD as a result of defendant's discrimination against plaintiff on the basis of his age. Although the action involves these two primary components, only plaintiff's entitlement to the "Incentive Plan Payments" for the seven (7) facilities that have been identified herein is involved in plaintiff's motion for partial summary judgment and defendant's cross-motion for partial summary judgment. Both pending motions concern the same Counts of plaintiff's Complaint. The parties agree, although not necessarily on the same footing that there are no genuine issues of material fact in dispute, therefore making this matter particularly ripe for this Court to issue a decision granting partial summary judgment. To that end, both the factual predicate and the legal basis clearly and justifiably supports plaintiff's position that partial summary judgment, as a matter of law, must be granted in his favor.

As articulated in the briefs that have been filed with the Court, there are essentially two competing viewpoints: (1) an employment agreement existed which requires this Court to decide the motions consistent with prevailing New Jersey contract law (*i.e.,* what began as an at will employment quickly developed into an oral, if not written, contract as evidenced by the e-mail exchanges setting forth the manner and nature of plaintiff's compensation) or (2) no employment arrangement existed between the parties that regulated plaintiff's and defendant's conduct during the course of plaintiff's employment with defendant which would cause this Court to decide these motions in the absence of any employment agreement based upon plaintiff's quasi-contract claims.

1

# LEGAL ARGUMENT

Plaintiff re-emphasizes the positions that he put forth in his initial supporting brief in support of his motion for partial summary judgment and incorporates same herein as though fully set forth herein. This incorporation is designed to avoid redundancy and over repetition of the same legal principals and the recitation of facts contained in "Plaintiff's Statement of Uncontested Material Facts Not in Dispute". However, plaintiff is forced to point out the inaccuracies, missteps and divergences from the factual record presented to this Court that are only contained in defendant's brief filed in support of its cross-motion for partial summary judgment. To that end, such irregularities fall into several categories:

1. Defendant asserts that there are admissions when no such admissions exist and not supported by any reference to the record. *See* Def. Brief [ECF No. 56-1] at pp.1, 5, 7, 8,10 and 12. A review of the papers that have been filed by defendant in support of this position fail to point this Court or counsel to any facts in the record to support or sustain the foregoing. Under the summary judgment, any failure to document and support the factual allegation makes such statements legally impotent and not appropriate for consideration by the Court. In this instance, as related to these alleged admissions, plaintiff asserts that the record before this Court fails to support the existence of any admissions, and, such, should not be considered by this Court or viewed as an impediment to granting plaintiff the relief he seeks herein. *See* Plaintiff's Response to Defendant's Uncontested Material Facts. *See* ECF No. 56-4 (Tr. at p. 44, ln. 18 -- p. 45, ln. 5).

2. Defendant alleges that defendant did not complete his required quotient of work as mandated by his employment agreement, yet defendant's moving papers are devoid of any reference to the record of such incomplete work or any description of the scope of work that

plaintiff failed to provide. Def. Br. [ECF No. 56-1] at pp. 1, 4, 6, 10 and 11. In addition, defense counsel asserts that "Plaintiff did not perform under the contract...". Def. Br. [ECF No. 56-1] at p.6; *see also* Def. Br. [ECF No. 56-1] at pp. 1, 4, 10 and 11. Again, plaintiff asserts that under the summary judgment, any failure to document and support the factual allegation makes such statements legally impotent and not appropriate for consideration by the Court. In this instance, defendant fails to point to or identify any portion of the record to support its position that plaintiff's work was incomplete or that he did not perform the tasks that were assigned to him. Contrary to defendant's position plaintiff testified that he performed all work required of him in connection with the seven facilities which are the subject of this action. *See* ECF No. 56-4 (Tr. p. 60, ln. 3 -- p. 62, ln. 22). Defense counsel's statements of such, without more, again are insufficient, under the summary judgment standard, for the granting of defendant's cross-motion for partial summary judgment. In fact, the absolute opposite position is supported by the record and the absence of any reference by defendant to either interrogatory answers, document demands responses or other portions of the record by way of certification, affidavit or declaration for support of its position. *Id.* Based upon the references to the record cited herein, plaintiff is entitled to the entry of an order granting his motion for partial summary judgment and defendant's cross-motion must be denied in its entirety.

    3.  Defendant further improperly relies on the assertion that the closing of six of the seven facilities deprives plaintiff of the entitlement to the payment of the "Incentive Plan Payments" upon those same facilities having reached a census of 100 patients/clients/customers prior to their respective closings. The closing of the facilities after having opened and upon having reached "100 census" is of absolutely no moment in connection with plaintiff's entitlement to the "Incentive Plan Payments" that he earned. In short, the continued operation of

3

the facility is well beyond the scope of his job description and job duties and responsibilities. *See* ECF 56-4 (Tr. at p. 21, ln. 23 -- p. 24, ln. 3; p. 60, ln. 3 -- p. 62, ln. 22; and p. 72, lns. 6 - 20). Thus, upon plaintiff having secured a Certificate of Occupancy (or other equivalent document issued by the host municipality), he had completed his quotient of work that entitled him to the one half of the possible total "Incentive Plan Payment" here in each instance the one half amount was $12,500.00. *See* Exhibit E [ECF No. 48-7] appended to Coles Decl. In addition, once each of the subject facilities opened they each reached a "100 census", thereby, entitling him to the second half of the "Incentive Plan Payment" of $12,500.00 for each facility that reached the "100 census" goal. *See* Exhibits F through G [ECF Nos. 48-8, 9 and 10] appended to Coles Decl. Thus, the total amount due to plaintiff in unpaid "Incentive Plan Payments" is $175,000.00 ($25,000.00 x 7 facilities).

        4.     Defendant improperly argues that plaintiff cannot be entitled to the "Incentive Plan Payments" subsequent to his termination. Defendant contends that the opening of the seven facilities along with each of them having reached a census of 100 patients/clients/customers does not entitle plaintiff to "Incentive Plan Payments". Defendant incorrectly believes that plaintiff will only be entitled to such payment(s) if the facilities opened and reached "100 census" during the term of plaintiff's employment. This argument runs counter to the existing law in that no language was contained in the several e-mails that were exchanged between the parties that set and defined the terms of his compensation. *See Sluka v. Landau Uniforms, Inc.,* 383 F. Supp. 2d 649, 655 (D.N.J. 2005) and *McGough v. Broadwing Communications, Inc.,* 177 F. Supp. 2d 289, 296-297 (D.N.J. 2001). Plaintiff further refutes this position advanced by defendant in greater detail below.

5. Defendant's unilaterally imposed a requirement/mandate that the seven facilities open within a certain "temporal proximity" of plaintiff's termination is wrongfully imposed in that no such condition was ever advanced by either plaintiff or defendant within the four corners of the e-mails that outline and govern plaintiff's compensation package or by way of any other agreement between the parties. Therefore, it is not necessary nor is it proper for the Court to impute a time period associated with the opening of the facilities and their subsequent reaching a "100 census" so as to award plaintiff his sought after "Incentive Plan Payment". Thus, there is no impediment that prevents this Court from granting plaintiff's motion for partial summary judgment in its entirety.

In addition to the above, plaintiff is unfortunately compelled to point out to this Court that defendant has filed papers with this Court that are in direct violation of Fed. R. Civ. P. 11 in that they contain false statements, misrepresentations and are purposely calculated and designed to mislead this Court and counsel and designed to purposely unduly lengthen and prolong this litigation unnecessarily. By way of example, the undersigned respectfully directs this Court's attention to defendant's response to number 15 of plaintiff's Uncontested Material Facts and then juxtapose that response to defendant's own Statement of Uncontested Material Facts numbered 14, 19 and 22. *See* ECF No. 48-11; ECF No. 55 and ECF No. 56-2. Clearly, these contradicting positions cannot be reconciled but were designed to be deceptive, false and misleading. This same form of conduct is contained within defendant's brief at page 1 when defense counsel boldly and falsely states: "First, there never was an 'incentive plan' … when defendant's own records clearly demonstrate the payment of "Incentive Plan Payments" to plaintiff. *See* Sams Decl. at Exhibit A (PIN00107 -- PIN00115).

Another example of defense counsel's wrongful conduct is the statement on page 5 of defendant's brief where defense counsel states "There was no meeting of the minds…" Clearly, there was a meeting of the minds as to the amount of compensation that plaintiff was to receive from defendant for the work that he performed as again evidenced by the payroll records produced by defendant. *Id.* In further contradiction of defense counsel's statement as to there being no meeting of the minds, plaintiff respectfully points the Court to Exhibits A through C of Coles Decl. [ECF No. 48-3, 4 and 5] which demonstrates an absolute meeting of the minds relative to the payment and compensation terms and provisions of plaintiff's employment with defendant, inclusive of the lack of any express agreement that plaintiff must be employed in order to receive "Incentive Plan Payments" subsequent to the termination of his employment. Because no formal motion is being filed in this regard so as to seek the imposition of sanctions against defendant, the undersigned is bringing defense counsel's action to the attention of the Court solely for the purpose of further supporting the correctness of plaintiff's position and highlighting the weakness of the position advanced by defendant.

Lastly, defendant, for reasons unknown to plaintiff, asserts and/or insinuates that plaintiff abandoned his discrimination claim under NJLAD. *See* Def. Br. at p.5 [ECF No. 56-1]. This assertion/contention by defendant is woefully false and not supported by the record. Plaintiff's decision to file for partial summary judgment in connection with defendant's failure to payment "Incentive Plan Payments" in no way constitutes the abandonment of any of plaintiff's other claims that are set forth in Counts One through Four and Count Eight of plaintiff's Complaint. Yet again, this is an attempt by defendant to mislead and deceive this Court and plaintiff's counsel. Moreover, because the Court has extended the time for the parties to file

dispositive motions, plaintiff may file another motion for partial summary judgment based upon defendant's direct violation of NJLAD by engaging in age discriminatory conduct.

In further support of plaintiff's motion for partial summary judgment and in opposition to defendant's cross-motion for summary judgment, defendant has failed to provide any relevant caselaw that refutes the legal precedents set by *See Sluka v. Landau Uniforms, Inc.,* 383 F. Supp. 2d 649, 655 (D.N.J. 2005) and *McGough v. Broadwing Communications, Inc.,* 177 F. Supp. 2d 289, 296-297 (D.N.J. 2001) (both cases arising out of the District Court for the District of New Jersey stand for the proposition that if an arrangement does not contain the express and stated requirement that an employee be employed in order to receive Incentive Plan Payments and/or commissions, said employee is entitled to receive said payments after having been terminated. Stated differently, continued employment is not a precondition to an employee's entitled to the subject Incentive Plan Payments).

Also, defendant's reliance on *Kas Orieintal Rugs, Inc. v. Ellman,* 394 N.J. Super. 278 (App. Div. 2007) is misplaced and of no import relative to the matters presented by these competing motions for partial summary judgment. More to the point, the fact pattern presented in *Kas Oriental Rugs* is by no means analogous or close to the facts set forth herein. In addition, there was testimony that was specifically taken in connection with the services (*i.e.,* industry standards and customs) allegedly performed for which compensation was sought. No such facts or testimony is present in this action. Thus, the Court should not rely upon *Kas Oriential Rugs* when rendering its decision here in that the case and opinion is not applicable to this action.

Moreover, defendant's assessment of the fact pattern that exists in this action is parallel to those described by the Court in *Sluka* and *McGough.* In addition, there is an absolute course of conduct that existed between plaintiff and defendant relative to payments that were

7

made by defendant to plaintiff. In short, the following payments history establishes the course of conduct of defendant making "Incentive Plan Payments" to defendant under the original agreed to "Incentive Payment Plan" amounts of $37,500.00 upon the opening of a facility and second payment in the same amount upon it reaching a "100 census". As the Court is aware, the amount of $37,500.00 remained in effect from the commencement of plaintiff's employment, in or about March, 2014 through or about January, 2015. *See* [ECF No. 48-4]. However, the following "Incentive Plan Payments" were made to plaintiff by defendant after January, 2015, in the amount of $37,500.

| Pay Date | Bonus | Facility Name |
|---|---|---|
| 10/16/2015 | $37,500 | Ann Arbor |
| 12/11/2015 | $37,500 | Sterling Heights |
| 05/05/2017 | $37,500 | Ann Arbor |

*See* Sams Decl. at Exhibit A (PIN00107, PIN00108 and PIN00112, respectively). Each one of these three payments were made at a time when the then existing "Incentive Plan Payment" amount had been established, in or about January, 2015, to be in the amount of $12,500 for the opening of a facility and $12,500.00 for the facility reaching "100 census". *See* ECF No. 48-4 and 48-5] and Sams Decl. at Exhibit A (PIN00107, PIN00108 and PIN00112, respectively). Clearly, this payment pattern is both demonstrative and indicative of the fact that "temporal proximity" was not a requirement imposed by defendant to render "Incentive Plan Payments" to plaintiff as shown by the more than two year passage of time respecting the "05/05/2017" payment.

**CONCLUSION**

Based upon the foregoing, plaintiff respectfully requests that the Court grant his motion for partial summary judgment in its entirety and deny defendant's cross-motion for summary judgment in its entirety.

Dated: October 5, 2020

Respectfully submitted,

LAW OFFICES OF FREDERICK COLES, III

By: /s/ Frederick Coles, III
_____
Frederick Coles, III, Esq.
4802 South 1110 East
Salt Lake City, Utah 84117
Tel. No. 908.757.4977
E-Mail: FColes@colesleg al.com
Attorney for Plaintiff, Talbird Reeve Sams