UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TALBIRD REEVE SAMS,<br><br>*Plaintiff*,<br><br>vs.<br><br>PINNACLE TREATMENT CENTERS, INC., JOHN DOES (1-10) (said names being fictitious individuals) and ABC-XYZ CORPORATIONS (said names being fictitious business entities), Individually, Jointly and Severally,<br><br>*Defendants*. | **Electronically Filed**<br>**Plaintiff's Motion Date:  October 5, 2020**<br>**Defendant's Motion Date:  October 19, 2020**<br><br>Civil Action No. 1:18-cv-09610-JHR-AMD |

### DEFENDANT'S REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT

Before the Court is Plaintiff's, Talbird Reeve Sams ("Sams" or "Plaintiff"), Partial Motion for Summary Judgment on Counts Five through Seven of the Complaint and Defendant's, Pinnacle Treatment Centers, Inc. ("Pinnacle" or "Defendant"), Opposition and Cross-Motion for Partial Summary Judgment on the same Counts.

In response to Defendant's Cross-Motion for Partial Summary Judgment, Plaintiff raised serious allegations that Defendant violated Fed. R. Civ. P. 11 by improperly and intentionally making false misrepresentations to the Court. Although Reply Briefs in support of cross-motions are prohibited without leave of the Court, the undersigned counsel is compelled to file this limited Reply Brief in response to Plaintiff's serious, but misguided allegations[1].

---

[1] In an effort to limit rehashing the same arguments and legal principals contained in Defendant's Opposition and Cross-Motion for Partial Summary Judgment, Defendant hereby repeats and restates its positions contained in the Opposition and Cross-Motion and incorporates same as if fully set forth herein.

Argument

In his opposition to Defendant's Cross-Motion, Plaintiff alleges that Defendant intentionally misrepresented facts to mislead this Court and unduly lengthen and prolong the litigation. Defendant vehemently denies these serious allegations. At no point in time has Defendant purposely mislead the Court or Plaintiff.

One of the central issues in this matter concerns Mr. Sams 2014 Offer Letter and his eligibility criteria for incentive compensation. Plaintiff contends that he satisfied the requirements of an express contract to receive incentive compensation by opening seven (7) facilities that each reached a census of 100 enrollees. Defendant maintains that Plaintiff was not eligible to receive the incentive compensation because: (i) there was no binding contract prescribing such payment; and (ii) in the alternative, assuming there was a binding contract, Plaintiff did not satisfy the contract terms since none of the seven (7) facilities were opened prior to Plaintiff's separation of employment.

In an attempt to bolster his position, Plaintiff threatens Rule 11 sanctions against Defendant, suggesting Defendant purposely misled the Court to unduly prolong the litigation. Moreover, Plaintiff suggests that Defendant's response to Plaintiff's Uncontested Material Facts No. 15 contradicts its position with regard to whether the facilities were opened prior to his separation, which was "designed to be deceptive, false, and misleading." This cannot be further from the truth.

First, Defendant did not intentionally contradict itself with regard to its position on whether the facilities were opened prior to Plaintiff's separation. Nor could Defendant's mistaken contradiction be taken as a "designed plan to deceive and mislead the Court". Plaintiff's Uncontested Material Facts No. 15 and Defendant's response states:

> 15. Plaintiff, during the course of his employment with defendant, sited and secured the required government issued Certificates of Occupancy pertaining to the following 7 OTP clinic locations…:
>
> **RESPONSE: Denied as stated. By way of further answer, the clinics were opened or reached census prior to Plaintiff separation.**

*See* ECF No. 55.

Although Defendant's written response denies Plaintiff's Uncontested Material Fact No. 15, it appears to also admit the facilities were opened prior to Plaintiff's separation. This was an unintentional mistake by Defendant. Instead, Defendant's response should read: "Denied as stated. By way of further answer, the clinics were **not** opened or reached census prior to Plaintiff's separation."

Defendant has maintained throughout the course of this litigation that none of the seven (7) facilities were opened prior to Plaintiff's separation of employment. Defendants mistaken in response to Plaintiff's Uncontested Material Fact does not change its position or unduly affect Plaintiff or this litigation. By way of example, Defendant's own Uncontested Material Facts state as follows:

> 14. Sams' employment was terminated on or about October 16, 2017. Complaint and Answer ¶1. In 2017, not one of the clinics he was working on actually opened.
> \*\*\*
> 19. Sams had been working on a few facilities before his employment was terminated. At the time of his termination, those facilities had not opened, and because they had not opened, they could not have served at least 100 clients.
> \*\*\*
> 22. Plaintiff claims that he earned, but was not paid, incentives for all of these clinics. Exhibit P-6 to Plaintiff's deposition appears to show that the six of the seven clinics were open and reached 100 enrollees in the March-May 2018 timeframe, several months after the elimination of his position. Plaintiff claims that the seventh clinic, Vineland, was scheduled to open.

See ECF 56-2.

3

Second, contrary to Plaintiff's allegations, Defendant did not mislead the Court by stating there was no express contract or a "meeting of the minds" with regard to incentive compensation tied to the opening of and 100 clients at the seven facilities. Defendant maintains that the offer letter itself expressly provides that it is not a contract. Moreover, at no point in time were any promises or representations made that Plaintiff would be entitled to compensation for work performed by not completed prior to his separation. Plaintiff even admits that at no time during his employment, did anyone on behalf of Defendant represent to Plaintiff that he would be entitled to compensation for work performed in connection with OTP clinics if those clinics did not open while he was employed. *See* ECF 56-2. Further, Plaintiff admits no one at Defendant represented to Plaintiff that he would be entitled to compensation for work performed in connection with OTP clinics if those clinics opened after his employment terminated. *See* ECF 56-2.

Therefore, it is not misleading or improper for Defendant to take the position that there was no express contract nor a "meeting of the minds".

<u>Conclusion</u>

Defendant takes serious issue with Plaintiff's attempt to threaten Rule 11 sanctions in order to bolster his opposition to Defendant's Cross-Motion and further support of his Motion for Partial Summary Judgment. For the reasons stated above and those incorporated from Defendant's Opposition and Cross-Motion for Partial Summary Judgment, Defendant respectfully requests the Court deny Plaintiff's Motion for Partial Summary Judgment.

Dated:  October 13, 2020                /s/ Lisa M. Scidurlo
                                                Lisa M. Scidurlo, Esq.
                                                Stevens & Lee
                                                620 Freedom Business Center
                                                Suite 200
                                                King of Prussia, PA 19406
                                                Tel. (610) 205-6042
                                                E Mail:  lmsc@stevenslee.com

                                                *Attorneys for Defendant Pinnacle Treatment Centers, Inc.*