UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TALBIRD REEVE SAMS<br><br>*Plaintiff*,<br><br>v.<br><br>PINNACLE TREATMENT CENTERS, INC., JOHN DOES (1-10) (said names being fictitious individuals) and ABC-XYZ CORPORATIONS (said names being fictitious business entities), Individually, Jointly and Severally, | Case No. 1:18-CV-09610-JHR-AMD<br><br>**Opinion** |

This matter comes before the Court on Plaintiff Talbird Reeve Sams's ("Plaintiff") Motion for Summary Judgment as to his claim for unlawful termination under the New Jersey Law Against Discrimination ("NJLAD") (Count I) [Dkt. 61] and Defendant Pinnacle Treatment Centers, Inc.'s ("Defendant" or "Pinnacle") renewed opposition and cross-motion for summary judgment as to Plaintiff's NJLAD, common law fraud (Count II), equitable fraud (Count III), and fraud in the inducement (Count IV) claims. [Dkt. 74]. Also before the Court is Plaintiff's Motion to Strike [Dkt. 85] and Defendant's Motion for Sanctions [Dkt. 86]. For the reasons discussed below, the Court will deny both summary judgment motions as to Count I and grant Defendant's summary judgment motion as to counts II–IV. The Court will also deny Plaintiff's Motion to Strike and Defendant's Motion for Sanctions.

I. **Overview**

Defendant provides substance abuse and addiction treatment services through its in-patient and out-patient clinics nationwide. *Sams v. Pinnacle Treatment Centers, Inc.*, No.

1

118CV09610JHRAMD, 2021 WL 567986, at *1 (D.N.J. Feb. 16, 2021). Early in 2014, Joseph Pritchard, Chief Executive Officer for Pinnacle, offered at-will employment to Plaintiff as an "OTP Developer." [Dkt. 61-14, Pl's SUMF ¶ 1; Dkt. 74-3, Def's SUMF ¶¶ 3–5]. Plaintiff began work shortly thereafter. While the parties dispute the exact scope of Plaintiff's job duties, Plaintiff was required to scout potential locations for Pinnacle facilities and help Pinnacle to open these new facilities. *Sams*, 2021 WL 567986, at *1. Plaintiff was fifty-four (54) years old when he began working for Defendant. [Pl's SUMF ¶ 4]. Plaintiff performed his job without complaint or discipline. [*See* Pl's SUMF ¶ 9].

Plaintiff's employment offer letter established a two-tier compensation plan whereby Plaintiff would receive a $60,000 annual base salary, and $37,500 incentive bonuses when Plaintiff "opened" a Pinnacle clinic and when a clinic attained one-hundred clients. [Compl. ¶ 15]. Plaintiff's compensation plan changed twice during his tenure with Pinnacle. In January 2015, Plaintiff's base salary increased to $100,000, but his incentive bonuses reduced to $12,500 "upon opening" of each new clinic and $12,500 "at 100 census," for a possible incentive bonus of $25,000 per clinic (the "Second Incentive Plan"). [Compl. ¶ 17]. In January 2017, Plaintiff's base salary increased to $110,000. [Compl. ¶ 18].

In the fall of 2016, Pinnacle hired Robert O'Sullivan as Chief Development Officer. O'Sullivan was approximately thirty-eight (38) years old when Pinnacle hired him. [Pl's SUMF at ¶¶ 10–11]. As Chief Development Officer, O'Sullivan supervised Plaintiff. On or around October 16, 2017, O'Sullivan informed Plaintiff that his position was being eliminated due to corporate restructuring and that Plaintiff would be terminated as a result. [Pl's SUMF ¶ 14; Dkt. 61, Exh. A at 42:9–13]. Plaintiff was fifty-eight (58) years old when he was terminated, and O'Sullivan was approximately thirty-nine (39) years old. [Pl's SUMF ¶¶ 10–11]. Around the

2

same time, Defendant also terminated Plaintiff's colleague in Pinnacle's development department, Matthew Rice, who was forty-six (46) years old. [Pl's SUMF ¶¶ 6, 16]. O'Sullivan assumed Plaintiff's job responsibilities for a time. [Dkt. 77 at 20]. Pinnacle did not hire new employees to replace Plaintiff or Rice because Pinnacle eliminated those positions. [Def's SUMF ¶ 38].

On May 23, 2018, Plaintiff filed a complaint against Defendant in this Court, alleging unlawful termination under the NJLAD (Count I); common law fraud (Count II); equitable fraud (Count III); fraud in the inducement (Count IV); unjust enrichment (Count V); quantum meruit (Count VI); breach of contract (Count VII); and breach of covenant of good faith and fair dealing (Count VIII). [Dkt. 1]. After discovery, Plaintiff filed this Motion for Summary Judgment on his NJLAD claim (Count I). [Dkt. 61]. Defendant cross-moved for summary judgment on Plaintiff's NJLAD (Count I) and fraud (Counts II–IV) claims. [Dkt. 66]. On February 5, 2021, the Court denied Defendant's motion without prejudice because Defendant failed to attach a statement of material undisputed facts to its motion as Local Rule 56.1 requires,[1] but permitted Defendant to refile its motion in compliance with Local Rule 56.1. [Dkt. 70]. Defendant filed a renewed motion that complied with Rule 56.1 and this Court's February 5, 2021 order. [Dkt. 74–77; 82].[2]

---

[1] Local Rule 56.1 states, in part, "[o]n motions for summary judgment, the movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion. A motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed."

[2] Plaintiff disagrees with the Court's decision to permit Defendant to re-submit its summary judgment and the Court's interpretation of its own order [*See* Dkt. 72, 83]. Plaintiff also states that its disagreement "remains unchallenged by both defendant and the Court." [Dkt. 83 at 7]. But Plaintiff never filed a motion for reconsideration to properly place his disagreement before the Court. *See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d

3

## II. Motion to Strike and Motion for Sanctions

Before addressing the merits of the parties' summary judgment motions, the Court will briefly address Plaintiff's Motion to Strike. [Dkt. 85-1]. Plaintiff argues that the Court should strike Defendant's reply brief [Dkt. 84] because Defendant filed this brief against local rules and the Court's February 5, 2021 order. However, that order expressly permitted Defendant to file a reply brief, and Defendant did so in a timely manner. [*See* Dkt. 70]. The Court therefore denies Plaintiff's Motion to Strike.

In response to Plaintiff's Motion to Strike, Defendant filed a Motion for Sanctions urging the Court to award sanctions under 28 U.S.C § 1927 or the Court's inherent power. [Dkt. 86]. The Court declines to award sanctions and will deny Defendant's motion.

## III. Summary Judgment Standard

Courts will grant a motion for summary judgment if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. *Pearson v. Component Tech. Corp.*, 247 F.3d 471, 482 n.1 (3d Cir. 2001) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)); *accord* Fed. R. Civ. P. 56 (c). Thus, this Court will grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c).

---

Cir. 1999) (noting that motions for reconsideration are the proper vehicle for raising putative "manifest errors of law or fact" in a court's prior decision). The Court again rejects Plaintiff's arguments that Defendant failed to comply with its February 5, 2021 Order and that Defendant's renewed motion is not properly before the Court. [Dkt. 83 at 8–11].

An issue is "genuine" if supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. *Id.* In determining whether a genuine issue of material fact exists, the court must view the facts and all reasonable inferences drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

The moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. Once the moving party has met this burden, the nonmoving party must identify specific facts showing that there is a genuine issue for trial. *Id.*; *Maidenbaum v. Bally's Park Place, Inc.*, 870 F. Supp. 1254, 1258 (D.N.J. 1994). Thus, to survive a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. *Anderson*, 477 U.S. at 256–57. Indeed, Rule 56(c) requires the entry of summary judgment against a party who fails to sufficiently establish an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322.

When deciding a party's motion for summary judgment, the court must determine whether there is a genuine issue for trial rather than evaluate the evidence and decide the truth of the matter. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the finder of fact. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

## IV. Application

### a. Count I—NJLAD

The NJLAD prohibits discrimination in the workplace based on age. N.J.S.A. § 10:5-1, *et seq*. NJLAD claims follow the *McDonnell-Douglas* burden-shifting framework. *Hellman v. Am. Water Works Serv. Co., Inc.*, No. 1:17-CV-12961, 2020 WL 2189967, at *5 (D.N.J. May 6, 2020) (citing *Keller v. Orix Credit Alliance*, 130 F.3d 1101, 1108-12 (3d Cir. 1997)); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). Under this framework, where a plaintiff claims that he was unlawfully discharged, the plaintiff bears the burden to establish a *prima facie* case by showing that "(1) he was in the protected group; (2) he was performing his job at a level that met his employer's legitimate expectations; (3) he nevertheless was fired; and (4) the employer sought someone to perform the same work after he left. *Zive v. Stanley Roberts, Inc.*, 182 N.J. 436, 450, 867 A.2d 1133, 1141 (2005) (citation omitted).

If a plaintiff establishes a *prima facie* case, the burden then shifts to the defendant to offer a legitimate nondiscriminatory reason for the adverse employment action. *McDonnell Douglas Corp.*, 411 U.S. at 802-03, 93 S. Ct. 1817. "This burden is relatively light and defendants can easily meet the threshold in a variety of ways." *Hellman v. Am. Water Works Serv. Co., Inc.*, 2020 WL 2189967, at *5 (citations and quotations omitted) (citing *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994)). The burden then shifts back to the plaintiff to show, by a preponderance of the evidence, that the defendant's offered reason for the adverse employment action is mere pretext for discrimination. *Id.* (citing *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003)).

### i. *Prima Facie* Case of Age Discrimination

While it is undisputed that Plaintiff (1) belongs to a protected class due to his age, (2) that he was qualified for the position, and (3) that his termination constitutes an adverse employment action, the parties disagree as to whether Plaintiff has satisfied element (4) of his *prima facie* case. Plaintiff argues that "upon plaintiff having been terminated, the work that was assigned to him be [sic] defendant was reassigned to the significantly younger Mr. O'Sullivan." [Dkt. 61-1 at 7]. Defendant responds that "Plaintiff's duties were assumed on a temporary basis by [O'Sullivan]" but that "the entire department was eliminated and a new group was formed" which assumed the role of locating and opening new facilities. [Dkt. 74-2 at 13].

Satisfying the fourth element does not necessarily require Plaintiff to prove that Defendant hired new employees or moved existing employees into Plaintiff's position. Instead, "the fourth prong of the prima facie case consists of proof that the discharged employee's job functions survived and that a younger person or persons assumed the discharged employee's job functions." *Mamola v. Trucolor Labs*, No. A-6021-98T1, 2000 WL 34229945, at *6 (N.J. Super. Ct. App. Div. Dec. 8, 2000) (citing *Geldreich v. Am. Cyanamid Co.*, 299 N.J. Super. 478, 489 (App. Div. 1997)). Thus, by arguing that O'Sullivan and other employees assumed Plaintiff's responsibilities, Defendant concedes that those job functions "survived" and that a "younger person assumed" Plaintiff's responsibilities, at least temporarily.

The parties also dispute the standard governing element (4). In his briefing, Plaintiff cites *Zive*, which only requires a plaintiff to show that "the employer sought someone to perform the same work after he left." *Zive v. Stanley Roberts, Inc.*, 182 N.J. 436, 450, 867 A.2d 1133, 1141 (2005) (citing *Clowes v. Terminix Int'l, Inc.*, 109 N.J. 575, 597, 538 A.2d 794, 805 (1988)). Relying on *Bergen Commercial Bank v. Sisler*, Defendant argues that Plaintiff must show that he

7

was "was replaced with 'a candidate sufficiently younger to permit an inference of age discrimination.'" [Dkt. 66-1 at 12] (citing *Bergen Commercial Bank v. Sisler*, 723 A.2d 944, 956 (N.J. 1999)).

State and federal courts alike have long disagreed as to the applicable standard in cases analogous to this: where an older plaintiff alleges discriminatory discharge under the NJLAD after he was fired and replaced by a younger employee. *See Monaco v. Am. Gen. Assur. Co.*, 359 F.3d 296, 300–04, 309 (3d Cir. 2004) (discussing inconsistency in case law and applying the "sufficiently younger" standard to an age-based workplace reduction claim) *and compare Arenas v. L'Oreal USA Prod., Inc.*, 790 F. Supp. 2d 230, 236 (D.N.J. 2011), *aff'd*, 461 F. App'x 131 (3d Cir. 2012) (holding that *Monaco* applies only to workforce reductions, not performance-related firings) *with Von Rudenborg v. Di Giorgio Corp.*, No. CIV.A. 08-5791 KSH, 2011 WL 4594220, at *4–5 (D.N.J. Sept. 30, 2011) (interpreting *Monaco* to have upheld the "sufficiently younger" standard in discharge and reduction-in-force cases).

The Court need not wade into this legal quagmire to conclude that Plaintiff has met his obligation under element (4) regardless of the applicable standard. Plaintiff has shown—and Defendant has not disputed—that O'Sullivan took over Plaintiff's responsibilities following Plaintiff's termination, and that O'Sullivan was nineteen years younger than Plaintiff when this occurred. *See Sempier v. Johnson & Higgins*, 45 F.3d 724, 729 (3d Cir. 1995) (noting that an age difference of five years "can be sufficient" to infer age discrimination (citing *Douglas v. Anderson*, 656 F.2d 528, 533 (9th Cir. 1981))); *Gutknecht v. SmithKline Beecham Clinical Labs., Inc.*, 950 F. Supp. 667, 672 (E.D. Pa. 1996), *aff'd*, 135 F.3d 764 (3d Cir. 1997) ("Although no uniform rule exists, it is generally accepted that when the difference in age between the fired employee and his or her replacement is fewer than five or six years, the replacement is not

considered 'sufficiently younger,' and thus no prima facie case is made." (citations omitted)). Because the age gap between Plaintiff and O'Sullivan exceeds five years, Plaintiff has satisfied element (4) and established his *prima facie* case under the NJLAD.

### ii. Legitimate Non-Discriminatory Reason

Plaintiff argues that Defendant has not carried its burden to produce evidence of a legitimate non-discriminatory reason for terminating Plaintiff. [Dkt. 61-1 at 5–6]. Defendant has submitted a declaration from Joseph Pritchard, Pinnacle's CEO, stating that Plaintiff was terminated as part of corporate restructuring where Pinnacle "eliminated its Development Department and created an Operations Department." [Dkt. 74-1 at ¶¶ 35–38 (citing Dkt. 56-5, Pritchard Decl. ¶¶ 10–11)]. Plaintiff argues on reply that "defendant's reliance on Mr. Pritchard's Declaration as the basis to support its 'reorganization' and/or 'restructuring' is disingenuous when the same was sought by way of discovery but not produced." [Dkt. 83 at 15]. To the extent this argument questions the credibility of Mr. Pritchard's declaration, it confirms that there are issues of fact for juror consideration. Indeed, "it is inappropriate for a court … to make credibility determinations. Thus an opponent may not prevail merely by discrediting the credibility of the movant's evidence; it must produce some affirmative evidence." *Big Apple BMW, Inc.*, 974 F.2d at 1363 (citations omitted).

Plaintiff's argument against Pritchard's declaration fails for several other reasons. Plaintiff cites no authority for the proposition that a party must produce declarations submitted to support a motion for summary judgment during discovery. *Cf. Webster v. Dollar Gen., Inc.*, 314 F.R.D. 367, 370–71 (D.N.J. 2016) (permitting declarations from eight individuals not identified in the defendant's initial disclosures or otherwise disclosed to the plaintiff before summary judgment, and reopening discovery to permit depositions of these eight individuals). Plaintiff

also does not allege that he did not know of Mr. Pritchard or lacked the opportunity to depose Pritchard during discovery.[3] *See id.* Moreover, Plaintiff fails to show that Pritchard's statements set forth in his declaration would not be admissible at trial. *See Webster v. Dollar Gen., Inc.*, 197 F. Supp. 3d 692, 700 (D.N.J. 2016) ("[O]n summary judgment, the Court may credit a factual declaration 'only to the extent [that it] constitutes evidence at least potentially admissible at trial.'" (quoting *Leese v. Martin*, No. 11–5091, 2013 WL 5476415, at *6 (D.N.J. Sept. 30, 2013))). Thus, Plaintiff has not shown why the Court should decline to consider this declaration as evidence supporting Defendant's legitimate non-discriminatory reason for terminating Plaintiff. At best, Plaintiff's arguments create an issue of fact for jury consideration.

As further evidence of its legitimate non-discriminatory reason, Defendant points out that Plaintiff was terminated at or around the same time as Mr. Rice, a "significantly younger co-worker," and that Defendant did not hire new employees to replace Plaintiff or Mr. Rice. [Dkt. 74-2 at 15]. As discussed below, Rice's termination alongside Plaintiff's is ambiguous because Rice was twelve years younger than Plaintiff and a member of a protected age class upon termination, *see Lawrence v. Nat'l Westminster Bank New Jersey*, 98 F.3d 61, 65 (3d Cir. 1996) (noting "Under the McDonnell Douglas framework, a plaintiff must first present a prima facie case by establishing that (1) he is over 40 years old…"), even though Rice was seven years older than O'Sullivan. Thus, Rice's contemporaneous termination can support Defendant's legitimate non-discriminatory reason position or Plaintiff's pretext argument depending on how one draws inferences.

---

[3] Plaintiff's own initial disclosures state that Mr. Pritchard "possesses knowledge and information pertaining to the wrongful termination of plaintiff's employment with defendant." [Dkt. 75-1 ¶ A].

10

Considering this evidence, Defendant has satisfied its "light" burden "to articulate a legitimate, nondiscriminatory reason for" terminating Plaintiff. *Sgro v. Bloomberg L.P.*, 331 F. App'x 932, 937 (3d Cir. 2009). This evidence also undermines Plaintiff's argument that he is entitled to summary judgment on his NJLAD claim because defendant lacks evidence of a legitimate non-discriminatory reason for Plaintiff's termination.

### iii. Pretext

To meet its burden on the pretext issue, a plaintiff must "present evidence 'from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating factor or determinative cause of the employer's action.'" *Hellman v. Am. Water Works Serv. Co., Inc.*, No. 1:17-CV-12961, 2020 WL 2189967, at *6 (D.N.J. May 6, 2020) (Rodriguez, J.) (quoting *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994)). Plaintiffs may satisfy the first option by presenting direct or circumstantial evidence that shows the "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its actions, such that a jury could disbelieve that it was the real reason behind the negative employment action." *Id.* (citing *Fuentes*, 32 F.3d at 765); *see also Fuentes*, F.3d at 764. "Plaintiffs must show that the defendant's decision was 'so plainly wrong that it cannot have been the employer's real reason,' and that the only logical explanation is that defendant was motivated by discrimination." *Id.* (quoting *Dunleavy v. Montville Twp.*, No. CIV.A. 04-1154(KSH), 2005 WL 1917610, at *3 (D.N.J. Aug. 9, 2005), *aff'd*, 192 F. App'x 100 (3d Cir. 2006)). This is a "rigorous" standard. *Dunleavy*, 2005 WL 1917610, at *3.

Plaintiff relies on two pieces of circumstantial evidence to support his pretext argument. First, Plaintiff points out that Defendant did not produce business records or other materials

11

documenting the corporate restructuring that led to Plaintiff's termination. [Dkt. 61-1 at 11; Pl's SUMF ¶¶ 22–23]. According to Plaintiff, this lack of a paper trail shows that no restructuring occurred and that Defendant fired him because of his age. [*Id.*]. Second, Plaintiff points to the undisputed fact that his colleague Rice was terminated around the same time as Plaintiff and that Rice was approximately forty-six years old at the time of his termination. [Pl's SUMF ¶¶ 16–17]. Plaintiff argues that these multiple firings show that O'Sullivan targeted older employees under his supervision. [*See* SUMF ¶ 17].

This evidence is sufficient for Plaintiff to survive Defendant's summary judgment motion but does not entitle Plaintiff to summary judgment. A reasonable juror might expect Defendant to have created at least a single email, memo, or internal document discussing "corporate restructuring" before terminating Plaintiff as part of this "corporate restructuring." When viewed in a light most favorable to Plaintiff as the Court must when considering Defendant's motion, this absence of documentation provides a basis for jurors to "disbelieve the employer's articulated legitimate reasons." *Hellman*, No. 2020 WL 2189967, at *6. However, when considering Plaintiff's motion and construing facts in favor of Defendant, this lack of paperwork does not necessarily prove discriminatory animus. *Anderson*, 477 U.S. at 255 ("[E]vidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.").

As mentioned above, Plaintiff's evidence regarding Mr. Rice's termination is similarly ambiguous. A reasonable juror could agree with Plaintiff to find that Rice's termination shows that O'Sullivan sought to terminate older employees in Pinnacle's development department. But a juror could also find that Rice's termination proves nothing because Rice is approximately twelve years younger than Plaintiff, but only seven years older than O'Sullivan. Likewise, a

juror could find that Defendant's decision not to hire replacement employees suggests innocent consolidation rather than discrimination.

Ultimately, the Court finds that this sparse evidentiary record does not support summary judgment in favor of either party. Summary judgment is appropriate only where "the evidence … is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 252. Neither party has made such an overwhelming showing. Moreover, the parties disagree on how to interpret some of the limited circumstantial evidence that exists. A jury—rather than the Court—must determine which party's interpretation is correct. *See Anderson*, 477 U.S. at 249.

### b. Fraud Claims

Plaintiff's common law fraud (Count II), equitable fraud (Count III), and fraudulent inducement (Count IV) claims rely on the same factual basis. [*See* Compl. ¶¶ 35–53]. Plaintiff alleges that Pinnacle amended Plaintiff's Incentive Plan in January 2017 knowing that it would terminate Plaintiff shortly thereafter. Plaintiff claims that Pinnacle's representations to Plaintiff regarding the change to his compensation structure were fraudulent and "deprived plaintiff of receiving payments pursuant to the 'Incentive Plan' that was in effect and existence at the time of plaintiff's wrongful termination when seven (7) OTP clinics were in the pipeline for anticipated and upcoming openings." [*Id.* ¶ 52]. Pinnacle argues that Plaintiff's fraud claims cannot survive summary judgment because there is no evidence that Pinnacle defrauded Plaintiff. [Dkt. 74-2 at 21]. Pinnacle also argues that Plaintiff's equitable fraud claim (Count III) must be dismissed because monetary damages are not available for equitable fraud but Plaintiffs only seeks monetary damages. [Dkt. 74-2 at 29–32]. The Court agrees and will grant Pinnacle's motion as to Plaintiff's fraud claims.

For common law fraud and fraud in the inducement, a plaintiff must establish "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610, 691 A.2d 350, 367 (1997) (citing *Jewish Ctr. of Sussex County v. Whale*, 86 N.J. 619, 624–25, 432 A.2d 521 (1981)); *RNC Sys., Inc. v. Mod. Tech. Grp., Inc.*, 861 F. Supp. 2d 436, 451 (D.N.J. 2012) (citing *Metex Mfg. Corp. v. Manson*, No. 05–2948, 2008 WL 877870, at *4 (D.N.J. March 28, 2008)). "[T]he key distinction between legal and equitable fraud is that legal fraud requires proof of intent while equitable fraud does not… Further, a plaintiff that asserts equitable fraud is not entitled to recover monetary damages; he or she may recover only in equity." *Dutton Rd. Assocs. LP v. Sunray Solar, Inc.*, No. CIV.A. 10-5478 FLW, 2011 WL 1375681, at *2 (D.N.J. Apr. 12, 2011) (citations omitted).

Pinnacle argues that Sams lacks evidence to support elements (1), (3), and (4) of his common law fraud and fraudulent inducement claims. [Dkt. 74-2 at 27–29]. In his reply brief, Plaintiff does not dispute Pinnacle's arguments. Nor does he offer evidence to refute Pinnacle's position or create an issue of material fact for a jury's consideration. *See Celotex Corp.*, 477 U.S. at 324 (explaining that, to survive a motion for summary judgment a nonmoving party that bears the burden of proof at trial must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" (quoting Fed. R. Civ. P. 56)). Plaintiff has therefore not carried his burden at summary judgment, and the Court will grant Defendant's motion as to Plaintiff's common law fraud (Count II), fraud in the inducement (Count IV), and equitable fraud (Count III) claims.

## V. Conclusion

For the reasons discussed above, the Court will deny Plaintiff's Motion for Summary Judgment as to his NJLAD claim (Count I), deny Defendant's cross-motion as to Count I, and grant Defendant's motion as to Counts II–IV. An appropriate order will follow.


May 20, 2021   /s/ Joseph H. Rodriguez
                                                                    Hon. Joseph H. Rodriguez, U.S.D.J.